UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOVANNI PENA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-00833 JLT GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DISMISSAL FOR FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 18, 19)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a federal inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (federal prisoner). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure obey court orders. See ECF Nos. 18, 19. Plaintiff will have fourteen days to file objections to this order.

I. RELEVANT FACTS

On May 24, 2021, Plaintiff's complaint was docketed. ECF No. 1. Since then, Plaintiff's last interaction with the Court was on June 27, 2022. See ECF No. 16 (Plaintiff's response to order to show cause).

On July 23, 2024, because a significant amount of time had passed since Plaintiff's complaint had been filed, and recognizing that Plaintiff's address might have changed as a result, the Court ordered Plaintiff to file a notice of current address. See ECF No. 18. Plaintiff was given seven days to do so. Id.

Plaintiff failed to file a notice of current address, nor did he request an extension of time to do so. As a result, on March 3, 2025, the undersigned issued an order directing Plaintiff to show cause why this matter should not be dismissed for failure to obey a court order. ECF No. 19. However, as an alternative to filing the showing of cause, Plaintiff was again given the option of filing a notice which updated the Court with his current address. Id. at 2. He was given seven days to take either course of action. Id. At that time, Plaintiff was cautioned that failure to comply with the order within the time allotted might result in a recommendation that this case be dismissed. Id.

More than seven days have now passed, and Plaintiff has not filed responses to either of the Court's orders, nor has he requested extensions of time to do so. It should be noted that the two orders sent to Plaintiff have not been returned to the Court marked "undeliverable."

II.   APPLICABLE LAW

A.   Federal Rule of Civil Procedure 41(b) and Local Rules 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

B.   Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

### III. DISCUSSION

#### A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

The fact that Plaintiff failed to file a notice of current address with the Court as he was twice ordered to do warrants the dismissal of this matter in accord with Rule 41(b) and Local Rule 110. Furthermore, the fact that the two orders were not returned to the Court permits it to presume that they were received by Plaintiff. See Rosenthal v. Walker, 111 U.S. 185, 193 (1884) (stating letter shown to have been properly delivered to postman is presumed to have reached its destination and to have been received by addressee); Busquets-Ivars v. Ashcroft, 333 F.3d 1008, 1010 (9th Cir. 2003) (citing Rosenthal). Therefore, it can reasonably be inferred that having received the Court's directives, Plaintiff has simply chosen not to respond to them. For this reason, the undersigned recommends that this matter be dismissed.

#### B. Application of Malone Factors Supports the Dismissal of This Case

##### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file a notice of current address with the Court as well as to file a response to the Court's order to show cause. Yet, he has failed to do either, nor has he contacted the Court to provide reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when Plaintiff has not responded to twice-issued court orders is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it.  As a result, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that this case has languished on the Court's docket for almost eight months since its order directing Plaintiff to file a notice of current address with the Court issued, without any response whatsoever to them from Plaintiff, there is no less drastic option than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted if Plaintiff repeatedly chooses not to respond to simple court orders, nor can it be disposed of on its merits.

## IV.  CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey court orders.  Plaintiff will have fourteen days to file objections to this order.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED for failure to obey court orders.  See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

1  after being served with these findings and recommendations, Plaintiff may file written objections
2  with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings
3  and Recommendations," and it shall not exceed fifteen pages.
4      The Court will not consider exhibits attached to the objections. To the extent that Plaintiff
5  wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its
6  CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in
7  excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28
8  U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file
9  objections within the specified time may result in the waiver of certain rights on appeal. See
10 Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th
11 Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 20, 2025**          /s/ Gary S. Austin
                                               UNITED STATES MAGISTRATE JUDGE