# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOVANNI PENA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES, et al.,<br><br>    Defendants. | No. 1:21-cv-00833 JLT GSA (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE ADDRESS AND RE SERVE FINDINGS AND RECOMMENDATIONS |

Plaintiff, a federal inmate proceeding pro se and in forma pauperis, filed this civil rights action advancing claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), related to the spread of COVID-19 at USP Atwater in 2020 and 2021. (*See* Doc. 8.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. An order to show cause (OSC) concerning Plaintiff's exhaustion of administrative remedies issued in February 2022. (Doc. 11.) After Plaintiff filed a notice of change of address to Lewisburg, PA, (Doc. 13), and a response to the OSC, (Doc. 16), the OSC was ultimately discharged in July 2022. (Doc. 17 (finding that the face of Plaintiff's amended complaint sufficiently plead exhaustion).)

Thereafter, the case awaited screening. On July 23, 2024, due to the passage of time, the assigned magistrate judge issued an order requiring Plaintiff to file a Notice of Change of Address with the Court. (Doc. 18.) That order was served on Plaintiff at his address of record in

1  Lewisburg, PA. It was not returned to sender and Plaintiff did not respond or otherwise
2  communicate with the Court. On March 3, 2025, the assigned magistrate judge issued another
3  OSC why the matter should not be dismissed because Plaintiff failed to obey the Court order to
4  file a notice of change of address. (Doc. 19.) When Plaintiff did not respond to that order either,
5  the magistrate judge issued Findings and Recommendations to dismiss the case on March 20,
6  2025, which were again served on Plaintiff at his address of record in Lewisburg, PA. (Doc. 20.)
7  Plaintiff was given 14 days to respond. He did not do so.

Though Plaintiff has an ongoing obligation to notify the Court of a change of address, *see* L.R. 183(b), the Court must consider the availability of less drastic sanctions before dismissal. *See Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Under the unique circumstances presented here, which include a lengthy delay in screening related to the Court's extraordinarily heavy caseload, the Court has on its own initiative used the Bureau of Prisons Inmate Finder (https://www.bop.gov/inmateloc) to determine that Plaintiff's address has changed to:

> FCI Yazoo City - Medium
> 2225 Haley Barbour Parkway
> Yazoo City, MS 39194

In an abundance of caution, the Court will direct the Clerk of Court to re-serve the March 3, 2025 OSC (Doc. 19) and March 20, 2025 Findings and Recommendations (Doc. 20) on Plaintiff, and will afford him an opportunity to respond to both.

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1)  The Clerk of Court shall update Plaintiff's address to:

> FCI Yazoo City - Medium
> 2225 Haley Barbour Parkway
> Yazoo City, MS 39194

(2)  The Clerk of Court shall re-serve on Plaintiff at the above address a copy of the March 3, 2025 OSC (Doc. 19) and March 20, 2025 Findings and Recommendations (Doc. 20).

(3) Plaintiff **SHALL** file any response to the Findings and Recommendations within 21 days of the date of this order. In any response, Plaintiff **SHALL** explain why he did not keep the Court apprised of his change of address. Plaintiff is warned that his failure to timely respond to this order **WILL** result in the Court adopting the Findings and Recommendations to dismiss this action.

IT IS SO ORDERED.

Dated:   **April 18, 2025**                                          /s/ Jennifer L. Thurston
                                                                    UNITED STATES DISTRICT JUDGE