1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  GEOVANNI PENA,

12          Plaintiff,

13      v.

14  UNITED STATES, et al.,

15          Defendants.

No. 1:21-cv-00833 JLT GSA (PC)

ORDER TO PLAINTIFF TO FILE A RESPONSE INDICATING WHETHER HE INTENDS TO PROSECUTE THIS ACTION

21-DAY DEADLINE

(Doc. 20)

16

17  **I.      BACKGROUND**

18          Plaintiff, a federal inmate proceeding pro se and in forma pauperis, filed this civil rights

19  action advancing claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

20  *Narcotics*, 403 U.S. 388 (1971), related to the spread of COVID-19 at USP Atwater in 2020 and

21  2021. (*See* Doc. 8.) The matter was referred to a United States Magistrate Judge pursuant to 28

22  U.S.C. § 636(b)(1)(B) and Local Rule 302, who issued an order to show cause concerning

23  Plaintiff's exhaustion of administrative remedies issued in February 2022. (Doc. 11.) After

24  Plaintiff filed a notice of change of address to Lewisburg, PA, (Doc. 13), and a response to the

25  OSC, (Doc. 16), the OSC was ultimately discharged in July 2022. (Doc. 17 (finding that the face

26  of Plaintiff's amended complaint sufficiently plead exhaustion).) Thereafter, the case awaited

27  screening.

28          On July 23, 2024, due to the passage of time, the assigned magistrate judge issued an

1

order requiring Plaintiff to file a Notice of Change of Address with the Court. (Doc. 18.) That order was served on Plaintiff at his address of record in Lewisburg, PA. It was not returned to sender and Plaintiff did not respond or otherwise communicate with the Court. On March 3, 2025, the assigned magistrate judge issued another OSC why the matter should not be dismissed because Plaintiff failed to obey the Court order to file a notice of change of address. (Doc. 19.) When Plaintiff did not respond to that order either, the magistrate judge issued Findings and Recommendations to dismiss the case on March 20, 2025, which were again served on Plaintiff at his address of record in Lewisburg, PA. (Doc. 20.) Plaintiff was given 14 days to respond. He did not do so.

Though Plaintiff has an ongoing obligation to notify the Court of a change of address, *see* L.R. 183(b), because the Court must consider the availability of less drastic sanctions before dismissal, *see Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), the Court on its own initiative used the Bureau of Prisons Inmate Finder (https://www.bop.gov/inmateloc) to determine that Plaintiff's address had changed. (Doc. 21, filed Apr. 21, 2025.) The Court then ordered the March 3, 2025 OSC (Doc. 19) and March 20, 2025 Findings and Recommendations (Doc. 20) served on Plaintiff at his updated address and afforded him 21 days to respond. (Doc. 21.) Plaintiff was warned that his failure to timely respond to this order would result in dismissal of this action. (*Id*. at 3.)

It appears that Plaintiff no long wishes to proceed in the prosecution of this action. However, in an abundance of caution, the Court will grant him 21 days to alert the Court whether he wishes to prosecute this case. If he fails to respond, the Court will dismiss the action for failure to prosecute.

**II.    ORDER**

Based upon the foregoing, the Court **ORDERS**:

1.    Within 21 days, the Plaintiff SHALL respond to this order and indicate whether he still wishes to pursue this case. **If he fails to respond within that period, the Court will dismiss the action based upon Plaintiff's failure to prosecute this action.**

2.    This order SHALL be sent to Plaintiff's last known address at

1    FCI Yazoo City - Medium

2    2225 Haley Barbour Parkway

3    Yazoo City, MS 39194

4

5   IT IS SO ORDERED.

6    Dated:   **May 28, 2025**                    _Jennifer L. Thurston_
                                                   UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3