UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOVANNI PENA,<br><br>             Plaintiff,<br><br>     v.<br><br>UNITED STATES, et al.,<br><br>             Defendants. | Case No.: 1:21-cv-00833-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S CONTINUED FAILURE TO OBEY LOCAL RULES AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Geovanni Pena is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    RELEVANT BACKGROUND**

On August 6, 2025, previously assigned Magistrate Judge Gary S. Austin issued an Order Withdrawing Findings and Recommendations. (Doc. 25.) Judge Austin vacated the March 20, 2025, recommendation that this action be dismissed for Plaintiff's failure to keep the Court apprised of his current address because Plaintiff responded to District Judge Thurston's April 21, 2025, order requiring him to file a response. (*Id*. at 1-3.)

On October 6, 2025, this action was reassigned from Magistrate Judge Austin to the undersigned. (Doc. 26.) The order was served on Plaintiff to his address of record that same date.

On October 24, 2025, the reassignment order was returned by the United States Postal Service (USPS) marked "Undeliverable," and "Person No Longer Here."

## II.     DISCUSSION

Plaintiff has again failed to keep the Court apprised of his current address. Therefore, the undersigned will recommend this action be dismissed without prejudice.

### *Applicable Legal Standards*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 182(f) provides that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Further, Local Rule 183(b) states that a "party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." (Emphasis omitted.)

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

2

sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

### *Analysis*

Plaintiff has failed to file a notice of change of address or to otherwise advise the Court of his current address. As noted above, according to the Court's docket, Plaintiff's address of record is "FCI YAZOO CITY-MEDIUM, 2225 HALEY BARBOUR PARKWAY, YAZOO CITY, MS 39194." All orders issued by the Court since April 21, 2025, have been served at that address.[1] On October 24, 2025, mail directed to Plaintiff was returned to the Court marked "Undeliverable" and no forwarding address was provided. Because Plaintiff has failed keep the Court apprised of his current address, this action is subject to dismissal. Significantly, the undersigned notes Plaintiff has repeatedly been informed of his obligation to keep the Court apprised of his current address and his obligation to obey court orders and Local Rules. (*See* Docs. 2 [first informational order], 12 [recommending dismissal for failure to obey court orders], 18 [minute order directing Plaintiff to "file a 'Notice of Current Address'"], 19 [order directing Plaintiff to show cause why case should not be dismissed or to file verification of current address], & 20 [recommending dismissal for failure to obey court order].) Plaintiff previously recognized his obligation to the Court by notifying it of a change of address on May 23, 2022. (*See* Doc. 13.)

Despite the Court's repeated orders, Plaintiff has again failed to obey this Court's Local Rules. Given the Court's present inability to communicate with Plaintiff, coupled with Plaintiff's repeated failures to keep the Court apprised of his current address and to obey court orders and this Court's Local Rules, the undersigned finds there are no other reasonable alternatives available to address Plaintiff's failure to obey the Local Rules and failure to prosecute. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440; *Henderson*, 779 F.2d at 1424.

---

[1] Plaintiff's address was updated by District Judge Thurston following a search of the Bureau of Prison's inmate locator tool (*see* Doc. 21 at 2); Plaintiff did not advise the Court of his change of address.

The third factor, risk of prejudice to defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, while Plaintiff's first amended complaint had not yet been screened and no defendant has appeared,[2] these proceedings are essentially at a standstill because of Plaintiff's failure to keep the Court apprised of his current address. Plaintiff has unreasonably delayed the prosecution of this action since at least October 24, 2025, when mail directed to Plaintiff was returned to the Court as undeliverable. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. It is his responsibility to do so. Instead, Plaintiff has stopped communicating with the Court altogether and has failed to comply with this Court's Local Rules. More than 30 days have passed[3] since the USPS returned the order issued October 6, 2025, yet Plaintiff has failed to file a notice of change of address in compliance with Local Rule 183(b). Additionally, as reflected on the docket for this action, Plaintiff continues to ignore his continuing obligation to keep the Court apprised of his current address. Therefore, the fourth factor, the public policy favoring disposition of cases on their merits, also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued May 25, 2021, Plaintiff was advised as follows: "In litigating this action, the parties must comply with

---

[2] The undersigned recognizes the significant delay concerning screening of Plaintiff's operative complaint as reflected in Judge Thurston's April 21, 2025, order. (*See* Doc. 21 at 2.) In the event Judge Thurston does not adopt these findings and recommendations, Plaintiff's first amended complaint will be screened.

[3] 12/2/2025 – 10/24/2025 = 39 days.

this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 2 at 1.) That Order further advised: "A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. … If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re-served a second time absence a notice of change of address. If a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute." (*Id*. at 5.)[4] As of January 1, 2025, Local Rule 183(b) provides that a change of address must be filed within 30 days.[5]

As set forth above, the undersigned finds that Plaintiff had more than adequate warning that dismissal could result from his noncompliance with this Court's Local Rules or failure to update his address. Thus, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has again failed to comply with this Court's Local Rules, and in doing so, has failed to prosecute this action. Having weighed the equities[6] and considered the foregoing factors, the undersigned concludes that dismissal of this action is warranted given Plaintiff's

---

[4] A blank "Notice of Change of Address" form was also provided for Plaintiff's use. (*See* Doc. 2 at 7.)

[5] The Local Rules state: "These Local Rules are effective on December 1, 2009, and shall govern all actions then pending or commenced thereafter." *See* Local Rule 100(e). Further, the Local Rules provide: "Immediately upon the adoption of these Rules *or any change in these Rules*, copies of the new and revised Rules shall be provided to such publications and persons as the Chief Judge deems appropriate. The Clerk shall promptly notify the Judicial Council and the Administrative Office of the United States Courts …. Copies shall be distributed in a manner calculated to ensure maximum notification to those practicing in the Eastern District of California. A notice shall be posted prominently in the Clerk's Offices and on the Court's website." *See* Local Rule 102(c), italics added.

[6] Judge Thurston previously found a less drastic sanction was warranted given the circumstances that existed on April 21, 2025, and warned Plaintiff on that occasion that a failure to timely respond to her order would result in a dismissal of the action. (*See* Doc. 21 at 3.)

1  repeated and continued failures to keep the Court apprised of his current address.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **HEREBY ORDERS** the Clerk of the Court to serve these Findings and Recommendations as follows: (1) to Plaintiff's address of record on file with the Court, *and* (2) to Plaintiff at the United States Penitentiary, Big Sandy, in Inez, Kentucky.[7]

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Local Rules and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **December 2, 2025**         /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE

---

[7] *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results [Geovanni Pena], as of December 2, 2025.